RAUGHT, Plaintiff and Respondent, v. DEUTMAN, Defendant and Appellant: DEUTMAN MOTORS, INC., Intervening Third-Party Plaintiff and Appellant: RAUGHT, Third-Party Defendant and Respondent.*

*No. 307. Submitted under sec. (Rule) 251.54 November 1, 1974.—Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 801.)

---

* Motion for rehearing denied, with costs, on September 30, 1975.

132

134

The cause was submitted for the appellants on the brief of *Hill, Quale & Hartmann* of Baraboo; and for the respondent on the brief of *Callahan, Arnold & Stoltz* of Columbus.

For appellants there was a brief by *James C. Bohl* and *Hill, Quale, Hartmann, Bohl & Evenson* of Baraboo.

ROBERT W. HANSEN, J. Three errors have been alleged on appeal. First, it is claimed that the trial court erred in changing the answers of the jury to question five in the special verdict. Second, the rulings excluding evidence of mismanagement are challenged on the ground that the court applied the wrong rule of law. Third, the jury's answer that the plaintiff owed $4,491.94 to the corporation is attacked as being too low. We reject the first two arguments. As to the third, we hold that the corporation is not entitled to any recovery. However, we also hold that the amount awarded as damages to the plaintiff should be reduced to $20,000 plus interest and costs. Here is why we do:

The real question in this case is whether the December 30, 1969, contract operated as a settlement of any claims arising under the contract of February 10, 1969. We hold that it did. Perhaps this question should have been submitted to the jury, but it was not and neither party argued at the trial or argues now that it should have been. The contract of February 10th was in form of a sale of stock in the corporation. However, the substance of the contract was a sale of the assets of a sole proprietorship, the stock being retained by the seller as security in a transaction not unlike a conditional sale.

For example, once the buyer assumed management responsibility, he was also to receive all the income and be responsible for all the expenses of the business. This is inconsistent with a sale of corporate stock. Moreover, the agreement provided various transactions that the buyer was to cause the corporation to make. Finally, in the event of breach, the seller could recover any losses sustained by the corporation during the period of the buyer's management. If this agreement is to be given effect, a third-party action by the corporation for mismanagement could not be sustained, because it would be an action by the corporation against its pro tem owner.[1]

If a claim existed for mismanagement or appropriation of corporate funds, it belonged to the seller under the agreement of February 10, 1969, and not to the corporation. Any recovery, therefore, should have been awarded to the seller on his counterclaim and the third-party action of the corporation should have been dismissed. By the same token the plaintiff should not have been permitted to claim from the corporation the $5,000 he advanced. The defendant's letter of October 10, 1969, makes it very clear that this amount, plus the $6,000 borrowed and allegedly put into the corporation by the plaintiff, was to be considered part of the purchase price.

The evidence in this case shows that the parties entered into a contract which the plaintiff could not fulfill because of his lack of funds and because the corporation had large out-of-trust obligations not disclosed by the defendant at the time of the contract. Although the plaintiff put money into the corporation, he found it necessary to withdraw funds from the corporation for living expenses and to make interest payments on the

---

[1] The seventh circuit has held that there can be no misappropriation by an officer's use of corporate assets if the officer owns all the stock of the company. *L. R. Schmaus Co. v. Commissioner of Internal Revenue* (7th Cir. 1969), 406 Fed. 2d 1044.

amounts owed to the defendant. The defendant was aware of this, because he was the bookkeeper for the corporation. Faced with this dilemma, the parties entered into a new contract on December 30, 1969. The purpose of this contract was to bring the transaction to a close as soon as possible and to settle prior claims. Therefore, the agreement of February 10, 1969, drops out of the case, together with any deposits or withdrawals from the corporation by the purchaser and any payments to the seller except those acknowledged in the December 30th contract.

It is immaterial whether the plaintiff immediately applied after December 30, 1969, for approval by Ford Motor Company of the transaction. There is no showing that the transaction would have been approved if the application had been made earlier. In fact, the inferences are all to the contrary. The trial court did not err in changing the jury's answers to question five of the special verdict.

In holding that the December 30, 1969, agreement was a settlement of claims arising under the February 10, 1969, agreement we also dispose of the argument that the trial court erred in excluding evidence of mismanagement. The question of mismanagement was not material, because it was one of the claims allowable under the February 10, 1969, agreement which was settled by the December 30, 1969, agreement. However, our holding that all claims were settled and merged in the December 30th agreement requires that the answers to questions six and seven of the special verdict be set aside, because there could be no action by or recovery from the corporation. Moreover, the only amount which the plaintiff can recover is the $20,000 down payment acknowledged in the December 30, 1969, agreement, because interest payments, having been withdrawn from the corporation, were part of the settlement.

*By the Court.*—The judgment, insofar as it provides recovery in favor of plaintiff and against the defendant Richard M. Deutman is modified to reduce the recovery to $20,000 plus interest and costs. The judgment in favor of plaintiff against the corporation is reversed with directions to dismiss the third-party complaint and the plaintiff's counterclaim. The cause is remanded with directions to enter a new judgment consistent with this mandate. No costs allowed on this appeal.